UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEAL MORRIS | CIVIL ACTION |
| v. | NO. 18-02624 |
| THE CITY OF NEW ORLEANS | SECTION F(2) |

ORDER AND REASONS

Before the Court is the City's second motion to continue the hearing on the plaintiff's motion for preliminary injunction. For the reasons that follow, the motion is DENIED.

**Background**

This is a civil rights action challenging the constitutionality of the City's murals-permit scheme, which regulates the installation of artwork on all private property throughout the City of New Orleans.

Neal Morris lives in Orleans Parish, where he owns residential and commercial properties. In late 2017, seeking information concerning the City's mural permit process and the criteria used to determine approval, Morris visited New Orleans City Hall. No City employee gave him the information he requested. On November 4, 2017, Neal Morris commissioned a local artist to paint a mural

1

on a commercial property he owns at 3521 South Liberty Street. The mural quotes a comment made by Donald Trump, recorded in a 2005 "Access Hollywood" segment; the mural replaces with pictograms two vulgar words used by Trump.

Just a few days after the mural was painted, a local news outlet publicized a story about the mural and noted that murals "are typically regulated by the Historic District Landmarks Commission and the City Council." The same day the news story was published, on November 8, 2017, the City of New Orleans Department of Safety and Permits sent Morris a letter advising him that the mural violated a zoning ordinance. Specifically, Jennifer Cecil, the purported director of the City's "One Stop for Permits and Licenses," wrote that an inspection of the property on November 8 revealed a violation of Section 12.2.4(8) of the Comprehensive Zoning Ordinance, which according to the letter concerns "Prohibited Signs—Historic District." Ms. Cecil described the violation:

> The mural on the building on this property is not allowed in that the property is zoned residentially and murals shall not be permitted in any residentially zoned historic district.

Morris was advised to remove the mural, and warned that his failure to do so by November 22, 2017

> will cause the Department of Safety and Permits to initiate appropriate legal action to secure compliance.

2

> The penalty for failure to comply is a maximum fine or jail for each and every day the violation continues plus court cost as prescribed by law.

Ms. Cecil advised Morris to contact her once the mural was removed so that she could re-inspect the property.

Morris discovered several inaccuracies in the November 8 letter: Section 12.2.4(8) does not exist; there is no section titled "Prohibited Signs—Historic District" in the CZO; nor does the CZO contain a blanket prohibition on murals in residentially zoned historic districts. On November 17, 2017, Morris wrote to the City requesting clarification in light of his discovery of the inaccuracies in Ms. Cecil's letter.[1] The City did not respond.

Fearing prosecution under the City's murals-permit scheme, and asserting that the scheme violates his constitutional rights, Morris sued the City on March 13, 2018. Morris alleges that: (1) the City's requirement that property owners obtain advance government approval before receiving a mural permit, or face criminal punishment, subjects him and other property owners to an

---

[1] At the conclusion of his letter to the City, Morris wrote:
> ...
> Can you tell me whether my artwork is a mural or a sign under the CZO, and can you explain how this determination is made?
>
> Again, I am attempting to comply with the City's zoning regulations, but I cannot tell from the letter I received what the alleged zoning violation is. I would appreciate your clarification.

3

unconstitutional prior restraint on speech where approval or denial of a permit is left to the unfettered discretion of City officials; (2) the City's murals-permit process is an unconstitutional, content-based restriction on speech insofar as an applicant must pay a $500 fee and must submit a rendering or drawing, which will be subject to the City's "acceptability" review before a mural is approved;[2] (3) the City's murals-permit process violates Morris's and other property owners' due process rights by subjecting their artistic expression to prior review, indefinite in duration, by unspecified officials using vague, overbroad, or nonexistent standards;[3] and (4) the City engages in selective

---

[2] Morris complains that "signs" are subject to a distinct regulatory scheme, and that some signs are exempt from the permit requirements, whereas no murals are exempt from the permit requirement.

[3] According to the allegations of the complaint, the City Code and CZO provide that mural applications are reviewed by at least three City departments: the City Planning Commission, the Design Advisory Committee, and the Board of Murals Review, with ultimate approval left to the City Council. Although the Code and CZO reference a "Board of Murals Review," its authority, guidelines, procedures, membership, and governance are not defined. It is alleged that there are no standards or timeline specified for any of these departments or for the process itself. An opaque process with no defined standards, officials, timeline, or purpose, Morris alleges, renders him without notice of the substantive violations and procedural regulations that he breached and is breaching and for which he faces criminal sanctions.

enforcement of its mural regulations in violation of the equal protection clause.[4] Morris requests:

- A preliminary (and ultimately permanent) injunction barring the City from enforcing the murals-permit scheme, Comprehensive Zoning Ordinance §216.V et seq. and Municipal Code § 134-78A et seq.

- A declaratory judgment that the City's actions, policies, and procedures embodied in the murals-permit scheme are unconstitutional violations of the plaintiff's rights under the First Amendment, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

- Reasonable attorney's fees, expenses, and costs under 42 U.S.C. § 1988.

Morris moved for a preliminary injunction on the same day he filed his lawsuit; the hearing on the motion was scheduled for April 4, 2018. The City moved to continue the hearing date until April 18, 2018. Morris did not oppose the continuance, which the Court granted. The Court also granted the City's request for an extension of time to answer the complaint. The City now moves for

---

[4] For example, Morris singles out a mural by artist Yoko Ono, which was painted on November 15, 2017 on the Ogden Museum, without a permit and without being cited for a zoning violation for the mural.

a second time to continue the hearing on the plaintiff's motion for preliminary injunction.  This time, the City requests that the preliminary injunction hearing be set on July 25, 2018 in order to give the City time to introduce legislation that, if passed, the City claims will moot the case.

I.

A.

The City requests that the Court move the preliminary injunction hearing, which is presently set for April 18, 2018 until July 25, 2018.  This more than three month continuance will allow the City "to take the steps necessary to legislatively amend the City Code section 134-78A, which will moot this litigation entirely."  The City explains that the length of the requested delay is necessary due to the upcoming change in administration, noting that "[a] new City Council is being sworn in on May 7th, and five out of the seven members will be replaced.  The existing City Council will not be in office long enough to fully resolve this matter."  To assuage any fear of prosecution during the time lag, the City has "agreed to stay all enforcement against the mural at issue in this lawsuit located at 3521 South Liberty Street."[5]

---

[5] The City claims that the plaintiff refused to agree to the requested continuance because the City declined to agree to waive all enforcement efforts of the present murals-scheme.  Of course, if the City enforces the present scheme against another property

Morris opposes the City's request for such a lengthy delay of his preliminary injunction hearing. Morris urges the Court to reject the City's delay tactic because the City's "vague pledge of future relief is too speculative and uncertain." The City has not yet drafted the new ordinance it says it will propose; its proposal is not certain to be passed; and, without any knowledge about the content of the new ordinance, there is no guarantee it will moot the plaintiff's constitutional harm. The City responds that it intends to introduce an ordinance repealing the murals application sections of the City Code, to be replaced with a new ordinance, which it "will aim to introduce an ordinance at the June 7th meeting."

*B.*

The parties are encouraged to continue to work towards a resolution. To be sure, the Court prefers to not waste its own resources on a dispute resolvable without Court intervention. However, the City admittedly can offer no guarantee that its proposed ordinance (which has not even been drafted) will be passed, let alone that it will redress the plaintiff's alleged constitutional harm.

---

owned by Morris or anyone else, any federal lawsuit challenging enforcement will be assigned to this Court, and the genuineness City's good faith statements regarding changing the law will be taken up at that time.

The Court will not speculate regarding whether the City's draft ordinance (that indeed has not been drafted) would accord the plaintiff the relief he seeks, or otherwise pass constitutional muster. What is properly before the Court, however, is the parties' quarrel over whether the City's murals-permitting scheme as presently implemented violates Morris's constitutional rights.[6] It is the merits of that dispute that the City seeks to delay.

At the present time, the Court finds the City's proposal of a more than three-month delay in reaching the merits of Morris's request for injunctive relief unreasonable even under the circumstances of an upcoming change in administration. Nevertheless, given that the parties are acting in good faith in an attempt to resolve their dispute, the Court will entertain an additional, albeit brief, delay in reaching the merits of the plaintiff's request for injunctive relief. Perhaps once the proposed ordinance is drafted, the parties can reach a definitive agreement. Until such time as the ordinance is drafted, introduced, and passed, however, the challenged ordinance is on the books and enforceable unless and until it is repealed or

---

[6] Despite its stated willingness to repeal the challenged murals-permit scheme and substitute in its place a new one, the City is adamant that it "maintains its right to permit murals in accordance with the Comprehensive Zoning Ordinance, which is constitutional."

amended. The City may defend the present scheme, which it says is constitutional, while drafting its proposed substitute ordinance.

IT IS ORDERED: that the City's second motion to continue for three months the plaintiff's motion for preliminary injunction hearing is DENIED. IT IS FURTHER ORDERED: that the hearing on the plaintiff's motion for preliminary injunction is hereby continued to May 16, 2018. Any opposition papers must be filed by the City not later than May 1, 2018.

New Orleans, Louisiana, April __9__, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE