UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEAL MORRIS | CIVIL ACTION |
| VERSUS | NO. 18-2624 |
| NEW ORLEANS CITY | SECTION "F"(2) |

**ORDER ON MOTION**

APPEARANCES: None (on the record)

MOTION: Defendant's Motion for a Protective Order and to Quash Plaintiff's 30(b)(6) Notice of Deposition, Record Doc. No. 62

O R D E R E D:

 XXX : DENIED. Fed. R. Civ. P. 26(c)(1) governs motions for protective orders. The Rule provides, in pertinent part, that
> [a] party or any person from whom discovery is sought may move for a protective order . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, . . . for the . . . discovery."

The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Defendant bases its argument for the issuance of a protective order on a conclusory allegation that there is no need to conduct discovery on the current City Zoning Ordinance ("CZO") provisions on murals because the New Orleans City Council has passed a motion directing the City Planning Commission to study and propose revisions to the existing murals provisions. Record Doc. No. 62-1 at p. 1. Defendant argues that the "pending modifications will moot [plaintiff's] entire lawsuit." Id. at p. 4. Defendant's allegations are conclusory and speculative because the mere actions of studying a law and proposing revisions do not guarantee that the law will be modified in a way that would moot plaintiff's lawsuit. As defendant states in its memorandum in support of the instant motion, "Modification of the CZO requires legislative action . . . as it must go through the City Planning Commission and the New Orleans City Council." Id. (emphasis added). To date,

no legislative action has been taken to modify the CZO regulations at issue in this lawsuit. Defendant has wholly failed to make the particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements required by Terra to support issuance of the protective order it seeks. Rather, defendant "has proposed a vague and indefinite process for potential legislative amendment that may or may not address Plaintiff's claims." Record Doc. No. 63.

I recognize that the presiding district judge has recently continued the trial date and extended the discovery deadline in this case to give defendant "an opportunity" to address the issues in this case legislatively. Record Doc. No. 68. In doing so, Judge Feldman specifically "admonished" defendant to "act as efficiently and quickly as possible." Record Doc. No. 67. In its reply memorandum, defendant admits that the planning commission may "defer" the matter for as long as into March 2019 and that the City Council may then take as long as 60 additional days to take action. Record Doc. 73 at p. 2. By my calculations, action by the City Council may not occur until May 2019, id., at or around the time of the newly set discovery deadline. Nothing about any of this eliminates the uncertainty and speculation about a potential legislative fix involved in defendant's request to quash the subject discovery. Defendant's request to stay this matter while it attempts a legislative fix was denied. Record Doc. No. 67 at p. 2. Under these circumstances, I conclude that discovery should proceed, so that this case will be ready for trial in the event defendant's current uncertain and unpredictable attempts to remedy plaintiff's claim legislatively fail or are further delayed.

IT IS ORDERED that counsel for both sides must confer upon receipt of this order and agree upon a date, place and time to conduct the Rule 30(b)(6) deposition, which must be completed no later than February 1, 2019.

New Orleans, Louisiana, this \_\_\_19th\_\_\_ day of December, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE